67 F.3d 300
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Eric PENDLETON, Plaintiff-Appellant,
v.
Lt. Thomas T. VANCE; Mary Dennis; John Helton; Michael
Dutton; Charles Bass; Candise Tetterton; Joyce
Coggin; David Elam; Robert Ledford;
Ben Miller, Defendants-Appellees,
Lolie Jones; W. Jeff Reynolds, Defendants.
 No. 94-6468.
 United States Court of Appeals, Sixth Circuit.
 Oct. 5, 1995.
 
 1
 Before: NELSON, RYAN and McKAY,* Circuit Judges.
 
 ORDER
 
 2
 Eric Pendleton appeals from a summary judgment for the defendants in this prisoner civil rights action filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Pendleton, a Tennessee inmate, filed a civil rights complaint seeking redress from several corrections officials for alleged constitutional deprivations which he suffered while housed at the Riverbend Maximum Security Institution. The district court ultimately granted summary judgment for the defendants and the present appeal followed. The parties have briefed the issues; Pendleton is proceeding without the benefit of counsel. In addition, Pendleton moves to supplement the record with prison disciplinary reports and also for the appointment of counsel.
 
 
 4
 On August 27, 1992, Pendleton was visiting another inmate, Maupins, in Maupins's cell. Corrections officers passing by Maupins's cell noticed that the window was covered. The officers ordered Pendleton and Maupins out of the cell and heard the toilet being flushed as the inmates exited the cell. The room had a characteristic smell of marijuana smoke so the officers conducted what proved to be a fruitless search of both Maupins's and Pendleton's cells.
 
 
 5
 On August 28, 1992, prison officials decided that inmates Pendleton and Maupins should be directed to submit to a urinalysis drug screen. Pendleton refused to sign the notification/consent form provided, Form CR-1888, which was missing the usual documentation of reasonable suspicion required by Riverbend policy. Pendleton was subsequently charged with the prison disciplinary infraction of failing to submit to drug test. He was found guilty, his administrative appeals were rejected, and he was consequently reclassified, required to participate in a substance abuse program, restricted to non-contact visits for 30 days and assigned extra work duty.
 
 
 6
 Pendleton brought the present action against a number of defendants and asserting a number of claims. The flurry of pro se pleadings and amendments lead the magistrate judge to direct Pendleton to submit a second amended complaint in which he was to set forth "all claims currently pending before the Court" and he was given permission to add only one new claim, that of a Fourteenth Amendment violation.
 
 
 7
 The district court proceeded to rule on defendants' motion for summary judgment. The court found for the defendants in all respects. It further noted that any claims based on Pendleton's reclassification had been waived by his failure to include them in his second amended complaint as directed.
 
 
 8
 The appellate court reviews a grant of summary judgment de novo, using the same test employed by the district court. Brooks v. American Broadcasting Cos., 932 F.2d 495, 500 (6th Cir.1991). Generally, summary judgment is proper where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988). Only factual disputes which may have an effect on the outcome of a lawsuit under substantive law are "material." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The burden is upon the moving party to show that "there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).
 
 
 9
 Pendleton contends that his Fourth Amendment rights were violated when Riverbend officers searched his cell and forced him to choose between a drug screen urinalysis or a disciplinary charge. In Hudson v. Palmer, 468 U.S. 517, 526 (1984), the Supreme Court addressed the question of whether an inmate had a reasonable expectation of privacy in his prison cell that fell within the protections of the Fourth Amendment and held that there was no such expectation. The companion claim is likewise without legal foundation. Urine tests are undeniably searches for Fourth Amendment purposes, Skinner v. Railway Labor Executives' Ass'n, 489 U.S. 602, 617 (1989), and inmates do retain protected privacy rights in their own bodies. Urinalysis is analogous to body cavity searches and blood tests for Fourth Amendment purposes, and these latter inmate searches are constitutional if "reasonable." Bell v. Wolfish, 441 U.S. 520, 559-60 (1979). Thus, if it was "reasonable" to require Pendleton to submit to a urinalysis, then his subsequent refusal to cooperate cannot be validated under the Fourth Amendment.
 
 
 10
 There is every indication in the record that prison officials could "reasonably" request a urinalysis from Pendleton. Substance abuse has long been recognized as pervasive in detention centers, Block v. Rutherford, 468 U.S. 576, 588-89 (1984), and efforts to preserve internal order and discipline are routinely accorded "wide-ranging" deference by courts. See, e.g., Bell, 441 U.S. at 547. As there is no evidence of an improper motive for the requested drug screen or that it was being carried out in an improper manner, Pendleton's refusal to submit to it was not constitutionally protected. This claim lacks merit.
 
 
 11
 Pendleton contends that he was denied due process in the prosecution of his disciplinary hearing and in its outcome. Inmates are entitled to some basic due process protections when a disciplinary action may result in the loss of good time credits. Superintendent, Mass. Correctional Inst. v. Hill, 472 U.S. 445, 455-56 (1985); Wolff v. McDonnell, 418 U.S. 539, 563-70 (1974). The instant record is replete with evidence that the process accorded Pendleton met or exceeded constitutional standards.
 
 
 12
 Pendleton also contends that the failure of the prison officials to supply him with documentation of reasonable suspicion of drug usage on Form CR-1888 deprived him of a protected liberty interest. The short answer to this is that there is no general federal constitutional right to this and the policy created by the state did not give rise to a constitutionally cognizable interest. See Sandin v. Conner, 115 S.Ct. 2293 (1995).
 
 
 13
 Finally, Pendleton contends it was error for the district court to conclude he waived certain claims stemming from his reclassification because he did not include them in his second amended complaint. There is no indication in this second complaint that Pendleton intends to pursue any speculative (at best) constitutional claim based on his reclassification. The appeal is meritless in its entirety.
 
 
 14
 Accordingly, the motion for appellate counsel is denied, the motion to supplement the record is denied, and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Monroe G. McKay, Circuit Judge, United States Court of Appeals for the Tenth Circuit, sitting by designation