103 F.3d 128
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Edward Keith CLARK, Plaintiff-Appellant,
v.
Melody TURNER, et al., Defendants-Appellees.
 No. 96-3265.
 United States Court of Appeals, Sixth Circuit.
 Dec. 13, 1996.
 
 Before: ENGEL, MERRITT, and MOORE, Circuit Judges.
 
 ORDER
 
 1
 This pro se Ohio prisoner appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking declaratory, injunctive, and monetary relief, Edward Keith Clark sued several employees of the Ohio Department of Rehabilitation and Correction in their official and individual capacities. Clark complained that on February 22, 1994, he was placed in segregation during an investigation on the orders of defendants Burrows and Kelly. He asserted that the investigation was initiated based on unfounded allegations made by other inmates. The confidential inmate statements alleged that Clark was a member of a prison gang who had threatened fellow prisoners and engaged in extortion.
 
 
 3
 On March 13, 1994, Clark was issued a misconduct ticket in which he was informed that the hearing officer found probable cause to have Clark appear before the Rules Infraction Board (RIB). On March 14, 1994, Clark appeared before the RIB. Clark alleged that no witnesses were presented but that he was subsequently found guilty of extortion and threats. Clark was placed in disciplinary control for 15 days. He also lost twelve months of good-time credit as a result of the conviction on the rules violation. Clark asserted that the members of the RIB had no evidence to find him guilty or to recommend punishments, and that actions were taken against him because he is black. Upon consideration of the defendants' motion for summary judgment and Clark's response, the district court granted summary judgment for the defendants. This timely appeal followed.
 
 
 4
 Upon review, we conclude that summary judgment was proper as there is no genuine issue as to any material fact and the defendants are entitled to judgment as a matter of law. City Mgmt. Corp. v. U.S. Chem. Co., 43 F.3d 244, 250 (6th Cir.1994). Clark's claim that he was placed in segregation without due process is without merit. Absent a definite showing that the challenged action would impact on the inmate's duration of confinement, an inmate has no liberty interest in remaining free of disciplinary or administrative segregation because such segregation does not impose an atypical and significant hardship on the inmate. See Sandin v. Conner, 115 S.Ct. 2293, 2300 (1995). See also Rimmer-Bey v. Brown, 62 F.3d 789, 790-91 (6th Cir.1995). Clark was placed in segregation on February 22, 1994, pending an investigation into his alleged gang activities. Placement into segregation pending an investigation does not impact on an inmate's duration of confinement.
 
 
 5
 Clark's claim that he was denied due process of law at the disciplinary hearing held on March 14, 1994, is without merit. Clark had a liberty interest in not being convicted of the disciplinary violation. When prison officials' actions alter an inmate's term of imprisonment, due process protections are triggered. Sandin, 115 S.Ct. at 2300-01. Actions to withdraw good-time credits alter an inmate's period of incarceration and entitle him to basic due process protections. See Pendleton v. Vance, 1995 WL 592048, at * 2 (6th Cir. Oct. 5, 1995), cert. denied, 116 S.Ct. 1277 (1996). In this case, the disciplinary board's punishment included Clark's loss of good-time credits for one year. Nevertheless, the defendants complied with due process in revoking Clark's credits. See Superintendent v. Hill, 472 U.S. 445, 455-56 (1985); Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974); Hensley v. Wilson, 850 F.2d 269, 276-83 (6th Cir.1988).
 
 
 6
 Clark's claim that he was "harassed and threatened" by defendant Maxton is without merit. Verbal harassment or idle threats are generally not sufficient to constitute an invasion of an inmate's constitutional rights. Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir.1987); Patton v. Przybylski, 822 F.2d 697, 700 (7th Cir.1987). An inmate's rights must actually be denied and not threatened to be denied. Emmons v. McLaughlin, 874 F.2d 351, 353 (6th Cir.1989). In addition, Clark's conclusory allegations of harassment fail to state a claim under § 1983. See Chapman v. City of Detroit, 808 F.2d 459, 465 (6th Cir.1986).
 
 
 7
 Finally, Clark has made only conclusory allegations of his equal protection claim. Such allegations, made without factual basis, fail to state a claim under § 1983. See Chapman, 808 F.2d at 465.
 
 
 8
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.