## DR. L. W. EDWARDS v. DR. J. H. McCALL, Admr., etc.

Western Section. March 1, 1929.

Petition for Certiorari denied by Supreme Court, June 15, 1929.

Maddox & Maddox, of Huntington, for appellant.
J. T. Peeler, of Huntington, for appellee.

SENTER, J. The complainant, L. W. Edwards, filed the bill in this cause against Dr. J. H. McCall, as the administrator of the estate of Dr. J. W. McCall, deceased, for the purpose of enjoining

a suit at law which had been instituted by Dr. J. H. McCall, administrator, against Dr. L. W. Edwards on three past due notes, and seeking a cancellation of said notes. The Chancellor sustained the bill and decreed a permanent injunction against the suit at law, and also decreed that the notes sued on be cancelled and surrendered up, and decreed the cost against the defendant. From this decree the defendant, Dr. J. H. McCall, has appealed to this court, and has assigned errors.

The assignments of error only present two questions: first, that the notes sued on in the suit at law are just obligations and enforceable at law or in equity, and were given for a valuable consideration, representing monthly rentals for a house and lot situated in Huntington, Tennessee, which premises had been rented by Dr. J. H. McCall, in his capacity as administrator of the estate of his deceased father, or as agent for the heirs at law of his deceased father. Second, that Dr. L. W. Edwards is estopped from denying liability on the notes sued on in the suit at law.

There is not a finding of the facts by the Chancellor contained in the record, but there is but little, if any, conflict in the evidence. The allegations contained in the bill, and supported by the evidence, may be summarized and stated as follows: Dr. J. W. McCall, was the owner of the house and lot in Huntington, and prior to his death the father and mother of Dr. Edwards lived in the home with Dr. McCall. Provision was made by Dr. McCall, that the parents of Dr. Edwards could continue to occupy the homeplace for one year after his death. The parents of Dr. Edwards, under this arrangement, occupied the homeplace for one year without paying rent. At the expiration of the one year complainant, Dr. L. W. Edwards, rented the homeplace from Dr. J. H. McCall, the administrator of Dr. J. W. McCall, deceased, to be used by his parents, and executed to Dr. J. H. McCall, administrator, his monthly notes for $50 each covering the rental for one year, the notes payable monthly. At the expiration of the first year, Dr. L. W. Edwards executed another series of notes for $50 each, to Dr. J. H. McCall, administrator, and these notes were placed in a bank at Huntington for collection, and the first nine of the series of twelve notes were promptly paid each month by Dr. L. W. Edwards as they became due and payable. The father and mother of Dr. L. W. Edwards continued to occupy the premises under this rental arrangement until May 1, 1926, at which time they moved out of the house for reasons to be later referred to.

There had been some litigation between the heirs of Dr. J. W. McCall, deceased, and in which certain conveyances had been attacked in the chancery court at Huntington, but this litigation had been disposed of. Some time after Dr. J. H. McCall had rented. this property to Dr. L. W. Edwards and had taken rent notes

covering the monthly payments to July 1, 1926, he and other heirs at law of Dr. J. W. McCall, deceased, filed a bill in the chancery court for the purpose of selling the real estate owned by Dr. J. W. McCall, deceased, for partition or division among his heirs at law. Dr. J. H. McCall was one of the parties complainant to that bill. At the February term of the chancery court, 1926, there was a decree of sale, including the house and lot which Dr. L. W. Edwards had rented from Dr. J. H. McCall, administrator, and for which Dr. Edwards had executed the rent notes. On or about April 15, 1926, the decree of sale was complied with by the Clerk and Master, and this house and lot was sold, or rather, bid off by Dr. J. H. McCall. It appears that Dr. L. W. Edwards, who resides in Nashville, Tennessee, was present and bid on this property, but the property was bid off by Dr. J. H. McCall, as the highest bidder. Dr. J. H. McCall was at that time also residing in Nashville, and a few days after the sale he telephoned to Dr. Edwards and offered to let Dr. Edwards have the property at the price at which he had bid it off, and Dr. Edwards told him in the telephone conversation that he was not then interested in the purchase of the property, and that he had already made other arrangements for a home in Huntington for his father and mother, and that they would vacate the property by the first day of May. He also requested that his notes for the remainder of the term, the three notes in question, be returned to him. Dr. McCall declined to comply with this request. Whereupon, Dr. Edwards wrote the bank at Huntington requesting that the notes be returned to him, and this request was not complied with. The parents of Dr. Edwards moved out of the house by May 1, 1926, and the possession was tendered to Dr. McCall, but Dr. McCall declined, and insisted that Dr. Edwards pay the rent notes covering the next three months, they being the last three notes of the series. Dr. Edwards denied liability on the notes after the property had been sold, and refused to pay the same, whereupon, Dr. McCall sued Dr. Edwards on the notes, and the original bill was filed in this cause by Dr. Edwards for the purpose of enjoining the suit at law and having the three rent notes cancelled and surrendered up to him. The defendant, Dr. McCall, filed a demurrer to the bill, which was overruled by the Chancellor, and he then filed an answer, and sought to have the answer made a cross bill to recover on the notes. However, no process was issued on the cross bill, and no answer filed thereto.

Appellant contends that complainant is liable on the rent notes sued on in the suit at law, and that the sale of the property, or vacating the premises, would not release him from liability on the notes. Appellant insists that Dr. McCall had the right to rent the property in his capacity as administrator, pending the determina-

tion of the litigation then pending in the chancery court, and until the property was sold and the sale confirmed. .

Dr. J. H. McCall did not comply with the terms of sale after the property had been bid off to him, and upon his failure to comply with the terms of sale, a resale of the property was ordered by the Chancellor at the next term of the chancery court, and it is the contention of appellant that appellee could have continued to occupy the premises until the sale had been confirmed under his rental contract with Dr. J. H. McCall. It is further contended by appellant, that if he was not authorized to rent the property as administrator, that he was at least acting as the agent for the heirs at law of Dr. J. H. McCall, deceased, and that the rental contract was therefore binding on both parties.

It appears that at the time Dr. Edwards rented this property from Dr. McCall he was under the impression that Dr. McCall as the administrator, was authorized and empowered to make a valid rental contract of the property, and that under such a contract he could have possession of the property for the time covered by the rent notes which he had executed to Dr. McCall, as the administrator.

The administrator of the estate of a deceased person in Tennessee, takes no rights to the real estate belonging to the decedent, except where there is insufficient personal property with which to pay the debts of the estate, and insolvency has been suggested, the administrator may file a bill for the purpose of having so much of the real estate as may be necessary sold to create assets with which to pay the debts. (Wilson v. Whitman, 3 Cooper's Chy. Rep., 37-38; Johnson v. Patterson,. 13 Lea, 626; Vance v. Fisher, 10 Humph., 311; Marr v. Gilliam, 1 Cold., 490.)

In Bartea v. Tompkins, 36 Tenn., 624, it is held that a sale of real estate of an intestate by the administrator without the decree of a court of competent jurisdiction furnished no consideration for notes given for the purchase money.

It is not shown by the record that the estate of Dr. J. W. McCall, deceased, was insolvent, or that there was not sufficient personal assets with which to pay the debts. Nor is it shown that the deceased owed any debts at the time of his death. The bill filed for the sale of this property was not filed for the purpose of creating assets with which to pay debts, but was a partitioning suit by the heirs at law of the deceased. The order of sale made no reference to the property having been rented to Dr. Edwards, nor was it ordered sold subject to any lease of the same to Dr. Edwards.

So long as Dr. Edwards occupied the premises, which continued up to the time it was bid off at the sale to Dr. McCall, he promptly paid all the rent notes, and it may be assumed from the record that Dr. McCall properly accounted to the heirs at law for the rents

collected. There is no evidence in the record that remotely sustains the contention that Dr. McCall, in renting this property after the death of his father, was acting as the agent of the heirs at law. It does not appear that any of the heirs at law ever authorized him to rent this property or to enter into any rental contract with Dr. Edwards for the property. He only assumed to act in this capacity as the administrator of the estate of his deceased father. He was one of the complainants in the bill filed for the purpose of selling this property for partition or division, and the bill did not make any reference to a lease contract, nor did it seek to have the property sold subject to any lease or rental contract held by Dr. Edwards.

The decree of sale made no provision that the property would be sold subject to any lease or rental contract in favor of Dr. Edwards. The property was advertised for sale under the decree of sale and was offered for sale by the Clerk and Master on April 15, 1926, and was bid in by Dr. McCall. The sale could have been confirmed by a chambers decree within a short time, under proper conditions and procedure. As soon as the property had been sold, Dr. Edwards promptly made other arrangements and rented another place for his parents to occupy. He had a right to assume that the purchaser would comply with the terms of sale and take possession of the property.

A rental contract, to be binding, must be mutually binding. The person leasing the property to another for a stated term, must be authorized to make the lease, and it must be such a lease as would entitle the lessee under the lease contract to the use and occupancy of the leased premises. Clearly, the administrator in this case, could not have encumbered this property by a lease so as to defeat the rights of the heirs at law of the deceased to immediate possession, and hence the lessee would not be protected by such a lease contract.

We are also of the opinion that the question of estoppel cannot be made by appellant under the facts of this case.

It results that the assignments of error are overruled and the decree of the Chancellor is affirmed. Appellant and sureties on the appeal bond, will pay the cost of this appeal.

Owen and Heiskell, JJ., concur.