**Ronald J. MEADOWS, Plaintiff,**

v.

**TROTTER, et al., Defendants.**

**No. 94–2446.**

United States District Court,
W.D. Tennessee,
Western Division.

June 10, 1994.

Ronald J. Meadows, pro se.

### ORDER OF DISMISSAL

McCALLA, District Judge.

Plaintiff, Ronald J. Meadows, an inmate at the Shelby County Division of Corrections', (SCDC), Shelby County Correctional Center, (SCCC), has filed another series of complaints under 42 U.S.C. § 1983, against various SCCC employees.[1]

In this particular case, plaintiff, who is housed in the SCDC's Adult Offender Center, (AOC), sues AOC medical staff member Trotter, for allegedly intentionally misinforming plaintiff's counselor that plaintiff was not authorized two mattresses for treatment of an unspecified back and hip condition. He also named Mr. Allen, Mr. Christie, Counselor Gibson, AOC director Linda K. Miller, Doctor Van Damme, and counselor Mrs. Tra-

cy Woods, but alleges no actions by any of them. In a departure from his normal *ad damnum*, he seeks $99,999.99 in damages.

When a plaintiff completely fails to allege any action by a defendant, it necessarily "appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir.1985). As to Allen, Christie, Gibson, Miller, Van Damme, and Woods, the complaint lacks an arguable basis either in law or in fact, and is therefore frivolous. *See Denton v. Hernandez*, — U.S. —, —, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989).

Plaintiff's claim against Trotter is also meritless. The Eighth Amendment prohibits prison authorities from displaying deliberate indifference to the serious medical needs of prisoners, because such indifference constitutes the "unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976).

An Eighth Amendment claim consists of both subjective and objective components. *Hudson v. McMillian*, — U.S. —, —, 112 S.Ct. 995, 999, 117 L.Ed.2d 156 (1992); *Hunt v. Reynolds*, 974 F.2d 734, 735 (6th Cir.1992).

The subjective component requires that prison officials act with an intent to deprive an inmate of needed medical care. The defendant's intent must rise to the level of deliberate indifference to the inmate's medical needs. The objective component requires the medical need to be sufficiently serious. *Hunt*, 974 F.2d at 735.

"A medical need is serious if it is 'one that has been diagnosed by a physician as man-

---

1. About two years ago, Meadows filed seven complaints, all of which were dismissed as frivolous under section 1915(d):

   *Meadows v. Dyson*, 92–2380–4 (W.D.Tenn.1992).
   *Meadows v. McCoy*, 92–2378–G (W.D.Tenn.1992).
   *Meadows v. Verner*, 92–2377–Tu (W.D.Tenn.1992).
   *Meadows v. Haynes*, 92–2376–H (W.D.Tenn.1992).
   *Meadows v. Suggs*, 92–2231–Tu (W.D.Tenn.1992).

   *Meadows v. Bishop*, 92–2189–4 (W.D.Tenn.1992).
   *Meadows v. Thomas*, 92–2187–G (W.D.Tenn.1992).

   For a time thereafter, it appeared that Meadows had been released, the court having not heard from him. In March, however, he reopened his correspondence with this district. His first case, *Meadows v. Bishop, et al.*, No. 94–2171–Ml/Bro, was dismissed as frivolous under *Hudson v. Palmer*. This series of complaints followed.

dating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980), cert. denied, 450 U.S. 1041, 101 S.Ct. 1759, 68 L.Ed.2d 239 (1981) (quoting *Laaman v. Helgemoe*, 437 F.Supp. 269, 311 (D.N.H.1977)).

In order to make out a claim of an Eighth Amendment *Estelle* violation, a prisoner must plead facts showing that "prison authorities have denied reasonable requests for medical treatment in the face of an obvious need for such attention where the inmate is thereby exposed to undue suffering or the threat of tangible residual injury." *Westlake v. Lucas*, 537 F.2d 857, 860 (6th Cir.1976). Plaintiff has not alleged any facts showing he was exposed to "undue suffering or the threat of tangible residual injury." Nor has he alleged that any defendant interrupted a "prescribed plan of treatment" for a serious medical need. *Boretti v. Wiscomb*, 930 F.2d 1150, 1151–52 (6th Cir.1991).

Plaintiff does not allege the length of time he was not allowed a second mattress, nor that a medical doctor had *prescribed* that mattress as necessary treatment for a serious medical need. He therefore has no *Estelle* claim. This claim also lacks an arguable basis either in law or in fact, and is therefore frivolous. *See Denton,* —— U.S. at ——, 112 S.Ct. at 1733; *Neitzke*, 490 U.S. at 325, 109 S.Ct. at 1831.

As the complaint is frivolous, it is DISMISSED pursuant to 28 U.S.C. § 1915(d).

The final issue to be addressed is whether plaintiff should be allowed to appeal this decision *in forma pauperis*. Twenty-eight U.S.C. § 1915(a) provides that an appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith.

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445, 82 S.Ct. 917, 921, 8 L.Ed.2d 21 (1962). An appeal is not taken in good faith if the issue presented is frivolous. *Id.* Accordingly, it would be inconsistent for a district court to determine that a complaint is too frivolous to be served, yet has sufficient merit to support an appeal *in forma pauperis. See Williams v. Kullman*, 722 F.2d 1048, 1050 n. 1 (2nd Cir.1983). The same considerations that lead the court to dismiss this case as frivolous also compel the conclusion that an appeal would be frivolous.

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a), that any appeal in this matter by plaintiff, proceeding *in forma pauperis*, is not taken in good faith.

IT IS SO ORDERED.