IN THE COURT OF APPEALS OF TENNESSEE
MIDDLE SECTION AT NASHVILLE

| | | |
|---|---|---|
| NANCY COCKRILL, | ) | |
| | ) | |
| Plaintiff/Appellant, | ) | Appeal No. |
| | ) | 01-A-01-9703-CV-00113 |
| VS. | ) | |
| | ) | Davidson Circuit |
| JUDGE JAMES EVERETT, JUDY | ) | No. 96C-2299 |
| NEWELL, MAXINE BRADLEY, RON | ) | |
| STONE, CHARLES CORNELIUS, | ) | |
| FELLER BROWN AUCTIONEER | ) | |
| REALTORS, | ) | |
| | ) | |
| Defendants/Appellees. | ) | |

FILED

September 24, 1997

Cecil W. Crowson
Appellate Court Clerk

APPEALED FROM THE CIRCUIT COURT OF DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

THE HONORABLE HAMILTON V. GAYDEN, JR., JUDGE

NANCY COCKRILL
172-E Dellway Villa Apartments
Nashville, Tennessee 37207
        Pro Se/Plaintiff/Appellant

JUDY NEWELL
4014 Drakes Branch Drive
Nashville, Tennessee 37218
        Pro Se/Defendant/Appellee

MAXINE C. BRADLEY
410 Farris Avenue
Madison, Tennessee 37115
        Pro Se/Defendant/Appellee

RICHARD L. COLBERT
511 Union Street, Suite 2700
Nashville, Tennessee 37219
        Attorney for Defendant/Appellee Charles G. Cornelius

HOMER R. AYERS
303 Frances Street
Goodlettsville, Tennessee 37070-0904
        Attorney for Defendant/Appellee Feller Brown Auctioneer Realtors

AFFIRMED AND REMANDED

BEN H. CANTRELL, JUDGE

# **O P I N I O N**

A pro se plaintiff filed this action for damages against a deceased probate judge, a real estate auction company, a lawyer, and two individuals. The Circuit Court of Davidson County granted the motions of the lawyer and the auction company to dismiss for failing to state a claim. Acting sua sponte, the court also dismissed the complaint against all the remaining defendants. We affirm.

## I.

The complaint sought $350,000 damages for negligence and mismanagement of the estate of Ira Richards Cockrill. The complaint does not explain the plaintiff's interest in, nor the defendants' relationship to the estate. Among the allegations is one "That this complaint is brought under authority of T.C.A. 29-20-201, et. seq. that notice was timely given per attached exhibit 1. and that said complaint is proper under removal of immunity, T.C.A. 29-20-205."

Tenn. Code Ann. § 29-2-201, et seq. deals with the removal of immunity for governmental entities under the Tennessee Governmental Tort Liability Act. No governmental entities have been named as defendants, and how the cited legislation affects the controversy is not explained in the complaint.

From the remaining allegations in the complaint we gather that the decedent owned a parcel of real estate at his death and that someone (not any of the defendants) lived in it rent free for seventeen years despite the protests of the heirs, and their insistence that the interloper be removed; that the plaintiff thinks the "executors" mismanaged the estate and profited from it to the detriment of the heirs; that the probate judge erred in not removing the interloper from the property, and then ordering the property sold through the auction company.

## II.

## The Lawyer and the Auction Company

The lawyer defendant and the auction company filed motions to dismiss under Rule 12.02(6), Tenn. R. Civ. Proc. We agree that the complaint does not state a cause of action against either. After being mentioned in the caption, the lawyer's name does not thereafter appear in the complaint. As to the auction company, by engaging in a broad view of the complaint, we could interpret it as stating that the auction company sold the property under the orders of the probate court.

There is no allegation in the complaint that either defendant engaged in any wrongful conduct or breached any duty to the individual plaintiff or to the estate. Therefore we conclude that the lower court properly dismissed these two defendants.

## III.

## The Two Individual Defendants

The other two individual defendants filed an answer. Without identifying their relationship to the estate, they denied the material allegations in the complaint and alleged that the records of the probate court would show that they used their best efforts to evict the interloper and to get the property sold. The answer also asserts that the proceeds from the sale of the property were divided equally among the heirs. We think a reasonable conclusion to be drawn from the answer is that the two individuals filing the answer were representatives of the estate in some capacity. Despite the conclusion to be drawn from the answer, the lower court dismissed the complaint sua sponte.

We agree that the complaint should have been dismissed -- even on the court's own motion. Defenses of the failure to state a claim and the lack of subject

matter jurisdiction of the court are not waived by filing an answer to the complaint. Tenn. R. Civ. Proc. 12.08. They may be raised at any time, even at a trial on the merits, *id.*, and the court has the authority to dismiss the complaint sua sponte. *Huckeby v. Spangler*, 521 S.W.2d 568 (Tenn. 1975).

Taking the allegations of the complaint in the light most favorable to the plaintiff, this is an action for damages against the two named individuals for not taking control of the decedent's real property and for not selling it in a reasonable manner. Even if we take the answer as an admission that the two individuals represented the estate in some capacity, the real property of the decedent descends to the heirs or passes to the devisee under the will, and the executor or administrator cannot manage or dispose of it. *Gray v. Boyle Inv. Co.*, 803 S.W.2d 678 (Tenn. App. 1990). "In short, the executor or administrator has nothing to do, virtute officii, with the lands of the decedent, except to subject it, in case of the insolvency of the personalty, in the mode prescribed by statute, to the satisfaction of the decedent's debts." *Pritchard on Wills and Administration of Estates*, Fifth Ed. § 630; *Edwards v. McCall*, 10 Tenn. App. 276 (1929).

Apparently the property in this case was sold to pay the debts of the decedent (although that is not clear from the record), but the complaint alleges that the sale was conducted under the orders of the probate court. In short, the complaint does not state a breach of duty to the plaintiff for which the individual defendants are liable in damages.

If we construed the complaint as an action to open the accounts of the personal representatives, we would have difficulty with the question of the circuit court's jurisdiction. While the courts have recognized the inherent power of the chancery court to open and review accounts generally, *Cannon v. Apperson*, 82 Tenn.

- 4 -

553 (1885), we do not know of any authority to conduct such a proceeding in the circuit court.

- 5 -

The judgment of the lower court is affirmed and the case is remanded to the Circuit Court of Davidson County for any further proceedings necessary. Tax the costs on appeal to the appellant.

_____
BEN H. CANTRELL, JUDGE


CONCUR:


_____
HENRY F. TODD, PRESIDING JUDGE
MIDDLE SECTION


_____
WILLIAM C. KOCH, JR., JUDGE