# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### July 2000 Session

## MICHAEL ALGER v. CORRECTIONS CORPORATION OF AMERICA, ET AL.

**Direct Appeal from the Circuit Court for Hardeman County**
**No. 9177      Jon Kerry Blackwood, Judge**

---

**No. W2000-00500-COA-R3-CV - Filed September 13, 2000**

---

An inmate sued Corrections Corporation of America and various individuals alleging failure to provide dental and medical care.  The trial court dismissed the complaint for failure to state a claim upon which relief can be granted.  The judgment of the trial court is reversed in part and affirmed in part.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed in part; Affirmed in part; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and HOLLY K. LILLARD, J., joined.

Michael Alger, *Pro Se*.

Tom Anderson, Jackson, Tennessee, for the appellees, Corrections Corporation of America, Mary Randolf, Percy Pitzer and Robert Coble.

### OPINION

The plaintiff, Michael Alger, appeals from an order of the trial court dismissing his complaint.  While the order of dismissal does not state the basis, it does state that the court found the defendants' motion to dismiss to be well taken and was granted.  The record before us does not contain a motion to dismiss.  However, in the answer filed in behalf of defendants Corrections Corporation of America (CCA), Mary Randolph and Percey Pitzer, it is stated that the complaint fails to state a claim upon which relief can be granted.  This defense may be asserted in a responsive pleading or, at the option of the pleader, may be made by a motion in writing.  Rule 12.02 Tenn. R. Civ. P.  A motion to dismiss for failure to state a claim upon which relief can be granted challenges the legal sufficiency of the claim, and not the strength of the plaintiff's proof.  The motion admits the truth of all relevant and material averments stated in the complaint, but asserts that such facts do not constitute a cause of action as a matter of law.  The court should construe the complaint liberally

and in favor of the plaintiff, and the motion should be denied unless it appears that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. ***See Bell ex rel. Snyder v. Icard, Merrill, Cullis, Timm, Furen and Ginsburg, P.A.***, 986 S.W.2d 550, 554 (Tenn. 1999). Therefore, it becomes the duty of this court to examine the complaint to determine whether or not a cause of action is stated against the various defendants.

The complaint identifies the defendants as follows: It avers that CCA is a private prison corporation which owns and operates the Whiteville Corrections Facility (WCF) where the plaintiff is incarcerated following his conviction in the State of Wisconsin. Percey Pitzer is averred to be the Warden of WCF. Mary Randolph is identified as the supervisor of the Health Services Unit (HSU) at WCF. Dr. Donnell and Dr. Jones are asserted to be employed as dentists at WCF and Dr. Coble is stated to be employed as a medical doctor at WCF.[1]

The complaint avers that the plaintiff was transferred from the Wisconsin Department of Corrections to WCF on November 18, 1998. Upon arrival, he sent a medical request form to be seen by "the dentist" and informed "him" that Alger had recently had several of his teeth removed at the prior institution, that the complete dental extraction had not been completed at the previous institution and that Alger informed the WCF dental department that it had been determined at the previous institution that all his teeth needed to be pulled and that he needed to be fitted with dentures. He further informed the dental department that he was unable to eat any of the food currently being served at WCF and therefore needed to be seen by a dentist immediately. He again requested completion of his dental work on January 17, 1999 as he was still unable to eat. On March 31, 1999 Alger submitted another inmate request form, but this time to Warden Pitzer and informed the warden that he had a very serious dental problem that was not being treated. On April 2, 1999, he was transferred to the Raleigh/Bartlett Dental Clinic to have oral surgery done for the purpose of having his remaining teeth extracted by Dr. Jones. He was returned to WCF after completion of the oral surgery and was informed that he would be returned for a fitting of dentures and a soft diet was ordered for the next 30 days.

It is further alleged that since Alger's return to WCF after the extraction, he constantly sent request to the HSU supervisor, "the dentist," the warden and nurses informing them that he needed to be fitted for his dentures because most of his teeth had been extracted and he was unable to chew his food. As a result of trying to eat, his gums were worn down and causing him excruciating pain. To date he has not received the requested treatment. The failure to provide him with dentures has caused him to lose weight and suffer from persistent gum bleeding.

The complaint further alleges that, upon his original arrival at WCF from the State of Wisconsin, he was experiencing constant pain in his kidneys/spleen area and lower back. Once he had been processed and removed his clothing, he noticed his underwear was covered in blood. He immediately contacted the medical staff and informed them of the situation. He was examined and tests were administered including a urine sample. He was advised that the test were negative and

---

[1]The Complaint identifies Drs. Donnell, Jones and Coble only by their surnames.

that he should take Tylenol, even though he had informed them that he had sores on his genitals and blood in his urine. After numerous complaints and tests, the medical staff finally realized and then diagnosed his condition as Herpes Simplex/Type-B virus, a sexually transmitted disease. It is further alleged that there is no cure for this disease and the outbreak occurs in Mr. Alger's case at least once every thirty (30) days. Symptoms last from five to seven days and he was prescribed a medication called Acyccovir (Zovoriax), to be taken five times a day for five days upon an outbreak of the symptoms. On July 16, 1999, he had an outbreak and reported it to the medical department. Dr. Coble made an order of Mr. Alger's medication and he was told to pick it up the next day. However, when he arrived at the medication window, he was told that it had not arrived and he did not receive the medication until July 23, 1999. He suffered another outbreak on August 18, 1999, which he reported to the medical department and requested his medication. On August 22, 1999, he sent an inmate request requesting the medication which had not yet arrived. He received a response indicating that his medication had been ordered on the 19th and that he should check back on August 23rd. When he checked back on that date he was informed that the medication was not there. He ultimately received the medication on August 26, 1999. When he inquired as to why there was not a regular supply kept in the facilities inventory so that when an outbreak occurs it would be readily available, he was informed that it was the policy of the facility that medications of this sort not be retained at the facility but would be ordered upon a separate prescription by the doctor for each outbreak. It is alleged that this policy causes a significant delay in the treatment of his disease as he experiences an outbreak.

A person detained in custody is entitled to medical treatment when necessary and the refusal of the prison authorities, with knowledge of the condition, to provide medical treatment may constitute a violation of the due process clause of the Fourteenth Amendment. *See Shannon v. Lester*, 519 F.2d 76 (6th Cir. 1975). The Eighth Amendment requires states to furnish its inmates with reasonably adequate medical and care. *Grubbs v. Bradley*, 552 F.Supp. 1052, 1122-1123 (M.D. Tenn. 1982); *Newman v. Alabama*, 559 F.2d 283, 291 (5th Cir. 1977), *rev'd in part sub nom. Alabama v. Pugh*, 438 U.S. 781 (1978). However, "the Eighth Amendment does not require that the medical care provided be the very best available nor does it protect inmates from isolated instances of improper diagnosis or treatment." *Grubbs*, at 1123. Prison medical care must be reasonably sufficient to prevent needless human suffering and prison officials may not exhibit deliberate indifference to the serious medical needs of prisoners. 21 Tenn. Juris., *Prisons and Prisoners*, § 4. Prisoners who suffer pain needlessly when relief is readily available have a cause of action against those whose deliberate indifference is the cause of the suffering. *See Boretti v. Wiscomb*, 930 F.2d 1150, 1154-55 (6th Cir. 1991). A prisoner must plead facts showing that "prison authorities have denied reasonable requests for medical treatment in the face of an obvious need for such attention where the inmate is thereby exposed to undo suffering or the threat of tangible residual injuries." *Meadows v. Trotter*, 855 F.Supp. 217, 219 (W.D. Tenn. 1994).

A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third party claim, shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded. Rule 8.01 Tenn. R. Civ. P. A

pleading is sufficient when it conveys a reasonable certainty of meaning and, by a fair and natural construction, it shows a substantial cause of action. *Farmers State Bank v. Jones*, 232 S.W.2d 658 (Tenn. Ct. App. 1949).

Construing the complaint filed in this case liberally in favor of the Plaintiff, we believe that a cause of action is stated against CCA for failure to provide reasonable and necessary medical and dental care to Mr. Alger. CCA is alleged to be the owner and operator of WCF.

With respect to Warden Percy Pitzer, it is alleged that upon Plaintiff's return to WCF after the extraction, he constantly sent requests to the Warden and others of the need to be fitted for dentures after the extraction. As a result of trying to eat, his gums were worn down causing him excruciating pain and no relief was afforded from this. We believe that this states a cause of action against Warden Pitzer. Furthermore, this same request to the HSU supervisor, Mary Randolph, states a cause of action against this defendant. Dr. Donnell and Dr. Jones are asserted to be employed as dentists at WCF. The only specific averment as to Dr. Jones is that on April 2, 1999, Plaintiff was transferred to the Raleigh/Bartlett Dental Clinic to have oral surgery done for the purpose of having his remaining teeth extracted by Dr. Jones. He was returned to WCF after completion of the oral surgery and informed that he would be returned for a fitting of dentures and a soft diet was ordered for the next thirty days. We find no specific averments in the complaint as to Dr. Donnell. The allegations against "the dentists" and the "dental department" are sufficient allegations against CCA to support a claim but not as to Dr. Donnell and Dr. Jones. There are no allegations that Dr. Donnell or Dr. Jones refused to treat or improperly or negligently treated the plaintiff, or that it was their responsibility to schedule appointments for inmates.

The allegation as to Dr. Coble is that he ordered medication for Mr. Alger and told him to pick it up the next day. When Mr. Alger arrived he was told that the medication had not yet arrived and in fact it did not arrive until seven days after the outbreak of his symptoms. The complaint alleges a defect in CCA's policy but does not, in our opinion, state a cause of action against Dr. Coble. Therefore, we believe that the complaint does state a cause of action against Defendants CCA, Percy Pitzer and Mary Randolph but not as to the remaining Defendants. The allegations against "the dentists" and the dental and medical departments would constitute allegations against CCA as those entities are averred to be employees and agents of CCA.

Mr. Alger argues in his brief that the record indicates bias and prejudice on the part of the trial court. First of all, we find nothing in the record to indicate that a motion was filed asking the trial court judge to recuse himself. The basis of this allegation is that the order granting the motion to dismiss bears an entered date of February 3, 2000 and no motion to dismiss had been filed at that time. The order was filed in the clerk's office on February 7, 2000 at 10:00 a.m. and a motion for summary judgment was filed in behalf of Defendants CCA, Percy Pitzer and Mary Randolph on February 7, 2000 at 10:00 a.m. However, a trial court has authority to dismiss a complaint *sua sponte* when the trial court is of the opinion that the complaint fails to state a cause of action upon which relief may be granted, although such practice is not to be encouraged. *Huckeby v. Spangler*,

521 S.W.2d 568 (Tenn. 1975); *Cockrill v. Everett*, 958 S.W.2d 133 (Tenn. Ct. App. 1997); *Lackey v. Carson*, 886 S.W.2d 232 (Tenn. Ct. App. 1994).

Because the motion for summary judgment was accompanied by the affidavit of Mary Randolph, the trial court's order of dismissal entered on the same date of the filing of the motion for summary judgment could be construed as an order granting summary judgment. *See* Rule 12.02 Tenn. R. Civ. P. However, if this were the case, a motion for summary judgment must be served at least thirty days before the time fixed for the hearing. The adverse party may serve and file opposing affidavits not later than five (5) days before the hearing. Rule 56.04 Tenn. R. Civ. P. Since the order was entered prior to the time the rule allots Mr. Alger to file opposing affidavits, the trial court should consider the motion for summary judgment upon remand.

The appellant also argues that the trial court erred in failing to grant his motion for default judgment against Drs. Jones, Coble and Donnell. The motion contained in the record before us applies only to Drs. Coble and Donnell. The record does not contain any indication that written notice was served on these defendants as required by Rule 55.01 Tenn. R. Civ. P. Therefore we reject this argument.

In summary, we affirm the order of the trial court dismissing the complaint as to Drs. Coble, Donnell and Jones for failure to state a claim upon which relief can be granted. The order of the trial court dismissing the complaint as to defendants Corrections Corporation of America, Mary Randolph and Percy Pitzer is reversed and this cause is remanded for further proceedings consistent with this opinion.

Costs of this cause are taxed one-half to appellant, Michael Alger and one-half to appellees, Corrections Corporation of America, Mary Randolph and Percy Pitzer, and their sureties, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE