IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 14, 2001

## DANIEL B. TAYLOR v. DONAL CAMPBELL, ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 00-C1844     Hamilton V. Gayden, Jr., Judge**

---

**No. M2000-02843-COA-R3-CV - Filed December 10, 2001**

---

On July 3, 2000, Appellant filed his civil complaint based upon punishment imposed for a disciplinary infraction while a prisoner at Turney Center in Only, Tennessee. On July 18, 2000, the trial judge, *sua sponte*, dismissed the complaint, and this appeal followed. We affirm the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S. and PATRICIA J. COTTRELL, J., joined.

Daniel B. Taylor, Only, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Terri Leigh Bernal, Nashville, Tennessee, for the appellees, Donal Campbell, Commissioner, Tennessee Department of Correction and Jack Morgan, Warden, Turney Center.

**OPINION**

Daniel B. Taylor, an inmate at Turney Center, sued Donal Campbell, as Commissioner of Corrections of Tennessee, and Jack Warden, as Turney Center Prison Warden, complaining of a urinalysis drug screen and seizure of funds from his trust account for payment of court costs. No process was issued or served on Defendants, and the trial judge, *sua sponte*, on July 18, 2000, dismissed the complaint and denied the attached application for a temporary restraining order holding:

On May 23, 2000, the petitioner tested positive for THC as a result of a urinalysis drug screening program. The court is of the opinion that the drug screening process is an administrative procedure and does not, retrospectively or otherwise, violate Petitioner's constitutional rights.

Further, the imposition of the penalty of loss of six (6) months visitation rights is rational.

The complaint fails to allege facts sufficient to state a cause of action, and the trial court properly dismissed the complaint.

The complaint, after alleging the status of the parties, relates:

7.    The Plaintiff, at all times relevant hereto, was and is an inmate of the Tennessee Department of Corrections, assigned to the Turner Center in Only, Tennessee.

8.    Prior to June 1, 2000, defendant Campbell, promulgated rules and regulations within the Department of Correction, pertaining to a Urinalysis Drug Screening Program, and the seizure of funds as a direct and proximate result of the same.

9.    On May 23, 2000, at approximately 8:30 a.m. plaintiff field tested positive for THC, and the same was sent to the lab for a confirmation test.

10.    On June 1, 2000, upon the results of the confirmation test from lab being positive for THC, he was charged with drug screen positive disciplinary infraction.

11.    Plaintiff explained to the disciplinary hearing officer that he shouldn't have THC, in his system, because he didn't use drugs, despite the AEGIS Positive description of physical evidence introduced at the disciplinary hearing.

12.    Disciplinary hearing officer's finding of fact and specific evidence relief upon to support those finding[s] were based upon the field test, and AGES LAB confirmation to establish guilt, despite Plaintiff's statement that the results were from legally prescribed medicine or second hand smoke.

13.    The Plaintiff, at all times relevant herein, have a statutory right to have a positive result investigated by the department to determine whether such result emanated from the plaintiff's use of legally prescribed medicine or whether it resulted from the use of illegal drugs.

14.    The allegations contained in numbered paragraphs 1 through 14 are incorporated herein by reference.

15.    The defendants, Donal Campbell, and Jack Morgan, in their individual capacities under color of state law, have acted with repeated willful and deliberate

indifference to the serious needs of the Plaintiff by allowing him to be found guilty of a positive drug screen based upon the lab results only.

16. Without first conducting an investigation to determine whether or not the TDOC, positive result emanated from the use of legally prescribed medicine, or second hand smoke, rather than intentionally assuming its related to illegal drugs.

17. That these defendants should have suspected that the drug test results were false.

18. These defendants were personally involved in or had direct responsibility for the incident that resulted in Plaintiff's falsely being found guilty based upon the use (sic) of illegal drugs, los[s] of visitation for six (6) months, $22.50 fine for the lab test, and $4.00 for processing of the disciplinary infraction.

19. That these defendants ha[ve] applied an amended drug screen policy and statute retro[s]pective manner to the Plaintiff.

20. Even though the Plaintiff is exempt from assessment fees for cost, these defendants are removing funds from his inmate trust fund account for medical, disciplinary infractions, writ of execution/garnishment, and etc.

21. As a direct and proximate result of these defendants actions, the Plaintiff experienced extreme mental anxiety and suffering.

Thereupon, Plaintiff sought compensatory and punitive damages and a permanent injunction against his conviction for failing the drug screen.

These allegations challenge the intrinsic correctness of the disciplinary proceeding held by the Department of Corrections. Pursuant to a urinalysis drug screening program, he was randomly tested on May 23, 2000, and the field test was positive for THC. The test was sent to the lab for confirmation, which, on June 3, 2000, confirmed him as testing positive for THC. He was charged with the drug screen positive disciplinary infraction. He raised no question of notice of the proceedings but, rather, complained that the hearing officer's findings of fact did not establish guilt because the results were from legally prescribed medicine or second hand smoke. The facts alleged, taken as true, do not assert that the hearing officer acted illegally, fraudulently, arbitrarily or exceeded its jurisdiction. *Arnold v. Tennessee Bd. of Paroles*, 956 S.W.2d 478, 480 (Tenn. 1997).

In *Sandin v. Conner*, 515 US 472 (1995), the United States Supreme Court held that there was no due process protection for in-prison infliction of punishment not imposing atypical and significant hardship on an inmate in relation to the ordinary incidents of prison life. Imposing of a $22.50 fine for a lab test, $4.00 for processing of a disciplinary infraction, and loss of visitation for six months does not rise to the dignity contemplated by the *Sandin* standard. *Rimmer-Bey v. Brown*,

62 F.3d 789, 790-91 (6th Cir. 1995); *Rienholtz v. Campbell*, 64 F.Supp.2nd 721, 728-29 (W.D. Tenn. 1999); *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995).

The Chancellor acted properly in dismissing the complaint, *sua sponte*, without waiting for service of process or the inevitable Tennessee Rule of Civil Procedure Rule 12 motion. *Huckeby v. Spangler*, 521 S.W.2d 568, 571 (Tenn. 1975); *Cockrill v. Everett,* 958 S.W.2d 133, 135 (Tenn. Ct. App. 1997). Appellant further asserts that his inmate trust fund account is exempted from execution or liability for court costs assessed against him in this cause. This position is without merit on the basis stated by this Court in *David Palmer v. Tennessee Department of Correction*, No. M2000-02351-COA-R3-CV 2001 WL 1386091 (Tenn. Ct. App. Nov. 8, 2001). In that case, this Court held:

> We have determined that throughout our history the legislature intended that costs of litigation are to be the responsibility of the person instituting the litigation unless relieved thereof by the judgment of the court. This intent is manifested again by the provisions of the 1978 legislation, part of which is the subject exemption statute, indicating that the legislation is directed at defendant judgment debtors. Placing this determination with the explicit provision in the pauper's oath statute that merely suspends the payment of costs until "taxed by the court," we reach the conclusion that the legislative intent, as expressed by the ordinary meaning of the language used, is that a person who is allowed to commence a suit without giving security for the costs is not relieved of the obligation to pay the costs by virtue of the exemption statute.

*Id.* at *4.

The judgment of the trial court is in all respects affirmed, and costs of the appeal are assessed against the appellant.

The case is remanded to the trial court for such further proceedings as may be necessary.

_____
WILLIAM B. CAIN, JUDGE