IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 24, 2005

## ERIC TODD JACKSON v. KEN GOBLE, ET AL.

**Appeal from the Circuit Court for Montgomery County**
**No. 50400121       Ross H. Hicks, Judge**

---

**No. M2004-00936-COA-R3-CV - Filed November 28, 2005**

---

Pro se prisoner Plaintiff filed a claim against circuit court clerk, circuit court judge, district attorney general, assistant public defender, and two attorneys, alleging civil conspiracy and forfeiture. The trial court dismissed the claims *sua sponte* without a hearing pursuant to Rule 12.02(6) of the Tennessee Rules of Civil Procedure. Plaintiff appealed and we affirm the decision of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which PATRICIA J. COTTRELL and FRANK G. CLEMENT, JR., JJ., joined.

Eric Todd Jackson, Tiptonville, Tennessee, Pro Se.

Darrell G. Townsend, Neil M. McIntire, Nashville, Tennessee, for the appellee(s).

### OPINION

Appellant, Eric Todd Jackson (Jackson), is an inmate at the Northwest Correctional Complex in Tiptonville, Tennessee. On February 4, 2004, Jackson filed a Complaint which he styled a "Civil Tort Claim" in the Montgomery County Circuit Court. Jackson sued Cheryl Castle, Clerk of the Circuit Court, John Carney, District Attorney General, Russell Church, Assistant Public Defender, Circuit Court Judge Michael R. Jones, and attorneys Ken Goble and Carrie Kersh Gasaway, claiming that Defendants conspired to levy excessive fines on him and wrongfully retained his cash bond.

On February 5, 2004, the circuit court entered a memorandum opinion and order dismissing Jackson's claim. The court determined that the allegations in Jackson's complaint failed to state a claim for which relief could be granted. However, Jackson did not receive his service copy until after the order became final. On April 9, 2004, Jackson filed a motion requesting time to file an untimely notice of appeal pursuant to Rule 60 of the Tennessee Rules of Civil Procedure. On May 24, 2004, the court granted Jackson's motion and accepted his late-filed notice of appeal.

Jackson asserts two issues on appeal. He claims that the trial erred by (1) dismissing his claim; and, (2) dismissing his claim *sua sponte* without a hearing.

When reviewing a trial court's dismissal of a complaint under Rule 12.02(6) of the Tennessee Rules of Civil Procedure, the Court "must take the factual allegation contained in the complaint as true and review the trial court's legal conclusions *de novo* without giving any presumption of correctness to those conclusions." *Willis v. Tennessee Dept. of Corrections*, 113 S.W.3d 706, 710 (Tenn.2000). "Because a motion to dismiss a complaint under Rule 12.02(6) challenges only the legal sufficiency of the complaint, courts should grant a motion to dismiss only when it appears that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief." *Willis*, 113 S.W.3d at 710.

As an initial matter, Jackson asserts that because all Appellees, excluding Ken Goble, failed to file briefs in this appeal, the allegations in Jackson's brief should be taken as true. However, Rule 29(c) of the Tennessee Rules of Appellate Procedure states:

> (c) Consequence of Failure to File Briefs. If an appellant fails to file his brief within the time provided by this rule or within the time as extended, any appellee may file a motion in the appellate court to dismiss the appeal. The appellant may respond within 14 days after filing of the motion. In lieu of granting the motion or at any time on its own motion, the appellate court may order service and filing of any brief. If an appellee fails to file a brief within the time provided by this rule or within the time as extended, any appellant may file a motion in the appellate court to have the case submitted for decision on the record and appellant's brief. The appellee may respond within 14 days after filing of the motion.

Tenn. R. App. P. 29 (c).

Therefore, this matter is deemed submitted on the record, Appellant's brief, and Appellee, Ken Goble's brief.

Jackson next contends that the trial court erred by dismissing his complaint pursuant to Rule 12.02(6). Jackson's complaint alleges that "[e]xcessive fines were applied and taken by all the named Defendants, either direct, or by proxy, without Due Process of Law, and/or in a conspiratorial group." Civil conspiracy is a combination between two or more persons to accomplish by concert an unlawful purpose or to accomplish a purpose not in itself unlawful by unlawful means. *Dale v. Thomas H. Temple Co.,* 208 S.W.2d 344, 347 (Tenn.1948). The requisite elements of a cause of action are common design, concert of action, and an overt act. *Kirksey v. Overton Pub, Inc.,* 739 S.W.2d 230, 237 (Tenn.Ct.App.1987). Jackson failed to allege any of the requisite elements to establish a claim for civil conspiracy. Jackson merely attached two unauthenticated printouts from the Criminal Court Clerk's Office which listed Jackson's bill of costs and receipts associated with his conviction and imprisonment in the Northwest Correctional Complex. Furthermore, the levying

of fines against inmates is not an unlawful purpose and Jackson failed to allege any specific unlawful means by which Defendants accomplished levying excessive fines against him.

Jackson also alleged in his complaint that his "[c]ash bond money was taken without forfeiture procedure and/or Due Process and that forsaid [sic] amount exceeds ($2000) two thousand dollars." However, Tennessee Code Annotated section 40-11-121 provides, "If a judgement for fine or court costs, or either, is entered in the prosecution of a cause in which a deposit has been made by defendant, the deposit *shall* be applied to the payment of the judgment." Tenn.Code Ann. § 40-11-121 (emphasis added). The mandatory directive of the statute requires that Jackson's bond be applied to court costs or fines incurred in the prosecution of his case.

Jackson finally asserts that the trial court erred by dismissing his claim *sua sponte* without a hearing. However, in *Huckeby v. Spangler*, 521 S.W.2d 568 (Tenn.1975), the Tennessee Supreme Court affirmed the trial court's authority to dismiss complaints *sua sponte* "when [the trial court] is of the opinion of that the complaint fails to state a claim upon which relief may be granted." *Huckeby*, at 571; see also *Cockrill v. Everett*, 958 S.W.2d 133 (Tenn.Ct.App.1997). Furthermore, the Sixth Circuit has found that prisoners who bring civil actions have no right to be personally present at any stage of the judicial proceedings. *Holts v. Pitts*, 619 F.2d 558, 560 (6th Cir.1980). In *Price v. Johnston*, 334 U.S. 266, 285-86, 86 S.Ct. 1049, 1060, 92 L.Ed 1356 (1948), the United States Supreme Court explained this principle:

> Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system. Among those limited is the otherwise unqualified right given by § 272 of the Judicial Code, 28 U.S.C. § 394, 28 U.S.C.A. § 394, to parties in all courts of the United States to "plead and manage their own causes personally."

*Price*, at 285-286.

Because we determined that the trial court did not err in dismissing Jackson's complaint pursuant to Rule 12.02(6) of the Tennessee Rules of Civil Procedure, the trial court clearly had the authority to dismiss Jackson's complaint *sua sponte* without a hearing. The judgment of the trial court is hereby affirmed and the costs of appeal are assessed against Appellant.

_____

WILLIAM B. CAIN, JUDGE

-3-