76 F.3d 380
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Montro TAYLOR, Plaintiff-Appellant,
v.
W. Jeff REYNOLDS, Commissioner; Jack Morgan, Warden,
Tennessee State Penitentiary; Al Rivers; Louis
Kirby; William Chambers; James Bond;
Maggie Norvell; Ronald Regan,
Defendants-Appellees.
 No. 94-6618.
 United States Court of Appeals, Sixth Circuit.
 Jan. 24, 1996.
 
 Before: CONTIE, NELSON and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Montro Taylor, a Tennessee state prisoner, moves for the appointment of counsel and appeals a district court judgment on a jury verdict in this civil rights action filed under 42 U.S.C. § 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking declaratory, injunctive and monetary relief, Taylor brought this action against a number of employees of the Tennessee Department of Corrections. He alleged that, based on information from a confidential informant that he and six other inmates were involved in drug dealing, he was placed in administrative segregation in violation of his due process rights. The claims against a number of the defendants were dismissed as frivolous or for failure of service. The defendant warden was granted summary judgment due to lack of personal involvement in the action complained of. The case then was tried to a jury as to defendant Chambers only. The jury returned a verdict for the defendant, and judgment was entered accordingly. On appeal, Taylor contends that the verdict was not supported by the evidence. Defendant argues that the court cannot review the judgment below due to Taylor's failure to provide a transcript of the proceedings in accordance with Fed.R.App.P. 10(b)(2).
 
 
 3
 Upon review, we conclude that a transcript is unnecessary to review the judgment below in this case, due to a recent change in the law. Taylor simply has no liberty interest in remaining free of administrative segregation placement, as it is not an atypical and significant deprivation. See Sandin v. Conner, 115 S.Ct. 2293, 2300 (1995); Rimmer-Bey v. Brown, 62 F.3d 789, 790-91 (6th Cir.1995). Because no due process claim was stated in this case, the motion for counsel is denied and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.