103 F.3d 130
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael REEDER, Petitioner-Appellant,
v.
Dennis BAKER, Warden, Respondent-Appellee.
 No. 96-3160.
 United States Court of Appeals, Sixth Circuit.
 Dec. 05, 1996.
 
 Before: LIVELY, NELSON, and RYAN, Circuit Judges.
 
 ORDER
 
 1
 Michael Reeder, a pro se Ohio prisoner, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Reeder is currently serving separate sentences of life for murder, one to twenty years for unlawful shooting, and ten to twenty-five years for armed robbery. Reeder's original habeas petition did not challenge these convictions. What it challenged was a decision of the prison's Rule Infraction Board (RIB) sentencing him to fifteen days in disciplinary control and to an indefinite period of administrative control for multiple infractions of the prison rules.
 
 
 3
 The record shows that Reeder was in administrative control from July 1993 through April 1994. Administrative control kept Reeder isolated from the general prison population. Over a year after filing his original petition, Reeder attempted to file an amended petition in excess of one hundred pages challenging his underlying convictions.
 
 
 4
 The case was referred to a magistrate judge who recommended dismissing Reeder's original petition. In a separate report, the magistrate judge recommended dismissing Reeder's amended petition without prejudice. The district court adopted the magistrate judge's recommendations and dismissed the case.
 
 
 5
 In his timely appeal, Reeder continues to argue the merits of his original petition and amended petition. Reeder moves for bail, appointed counsel, and leave to proceed in forma pauperis.
 
 
 6
 Upon review, we conclude that the district court's judgment should be affirmed and the other relief sought should be denied.
 
 
 7
 Reeder contends that his confinement in administrative segregation violated his constitutional rights. An inmate is not deprived of a regulation-based liberty interest, however, absent a restraint that imposes an atypical and significant hardship on him in relation to the ordinary incidents of prison life. Sandin v. Conner, 115 S.Ct. 2293, 2300 (1995). Reeder has not established such a hardship.
 
 
 8
 Reeder argues that Sandin should not be retroactively applied. This argument was rejected by the court in Rimmer-Bey v. Brown, 62 F.3d 789, 790-91 (6th Cir.1995). To the extent that Reeder argues that his procedural due process rights were violated, his argument is meritless. Reeder received all the process due under Wolff v. McDonnell, 418 U.S. 539, 564-71 (1974).
 
 
 9
 Finally, Reeder contends that the district court erred by not permitting him to amend his original petition. However, as the amended petition was tendered over a year after the original petition was filed and raised issues that were totally unrelated to the original petition, we conclude that the district court did not abuse its discretion in dismissing the petition without prejudice. See Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330-31 (1971).
 
 
 10
 Accordingly, and because Reeder has not shown that the proceedings against him were fundamentally unfair, see Lundy v. Campbell, 888 F.2d 467, 469 (6th Cir.1989), cert. denied, 495 U.S. 950 (1990), we deny the requests for relief and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.