107 F.3d 872
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael J. WEST, Plaintiff-Appellant,
v.
John MAKOWSKI, et al., Defendants-Appellees.
 No. 96-1544.
 United States Court of Appeals, Sixth Circuit.
 Feb. 12, 1997.
 
 1
 Before: NORRIS and MOORE, Circuit Judges; RUSSELL, District Judge.*
 
 ORDER
 
 2
 Michael J. West appeals a district court grant of summary judgment for defendants in this civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 West filed his complaint in the district court alleging that he improperly was placed in administrative segregation and was subjected to cruel and unusual conditions of confinement in the Riverside Correctional Facility in Ionia, Michigan. Plaintiff sued the five defendant Michigan prison officials in their individual and official capacities and sought injunctive relief and compensatory and punitive damages. Defendants moved to dismiss the complaint or for summary judgment, and plaintiff responded in opposition. The district court granted defendants' motion and entered summary judgment for defendants. This timely appeal followed. Upon consideration, the judgment is affirmed essentially for the reasons stated by the district court in its opinion filed March 21, 1996.
 
 
 4
 A grant of summary judgment will be reviewed de novo on appeal. Brooks v. American Broadcasting Cos., 932 F.2d 495, 500 (6th Cir.1991). Generally, summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to [a] judgment as a matter of law." Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988) (quoting Fed.R.Civ.P. 56(c)). Only factual disputes that might affect the outcome of a lawsuit under substantive law are "material." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To be "genuine," a dispute must involve evidence upon which a jury could find for the nonmoving party. Id. The burden is upon the moving party to show "that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Thereafter, the nonmoving party must present significant probative evidence in support of the complaint to defeat the motion. Anderson, 477 U.S. at 249-50. The nonmoving party is required to show more than a metaphysical doubt as to the existence of a genuine issue of material fact. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Here, summary judgment for defendants was proper.
 
 
 5
 First, plaintiff enjoys no liberty interest in remaining free from incarceration in administrative segregation because segregation is not an "atypical and significant hardship" on him "in relation to the ordinary incidents of prison life" which could give rise to a liberty interest protected under the Due Process Clause. See Sandin v. Conner, 115 S.Ct. 2293, 2299 (1995); Rimmer-Bey v. Brown, 62 F.3d 789, 790-91 (6th Cir.1995). Even if plaintiff enjoyed a liberty interest in remaining free from administrative segregation, the record reflects that plaintiff received all of the process he was due before his placement there. See Hewitt v. Helms, 459 U.S. 460, 468 (1983). Accordingly, summary judgment for defendants was proper with respect to plaintiff's claim that he was placed in segregation without due process.
 
 
 6
 Second, plaintiff was not subjected to cruel and unusual conditions of confinement after his placement in administrative segregation because plaintiff cannot show conditions of his confinement which deprived him of "the minimal civilized measure of life's necessities." See Wilson v. Seiter, 501 U.S. 294, 304 (1991). Plaintiff's contention that the absence of plumbing in the individual segregation cells constitutes cruel and unusual punishment is meritless. Defendants established that prisoners in segregation are afforded adequate access to bathrooms by other means. The fact that plaintiff's cell became smoky for a short time when another prisoner set a fire simply does not implicate the unnecessary and wanton infliction of pain upon plaintiff by prison authorities. See Hudson v. McMillian, 503 U.S. 1, 5 (1992); Wilson, 501 U.S. at 302-03. Accordingly, summary judgment for defendants was proper with respect to plaintiff's claim that he was subjected to cruel and unusual punishment.
 
 
 7
 Finally, it is noted that the district court construed plaintiff's complaint as raising a claim that plaintiff's First Amendment rights to free speech and association were violated. However, plaintiff has not raised these claims in his brief on appeal. Therefore, the claims have been waived and need not be addressed. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939 (1992); McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 8
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas B. Russell, United States District Judge for the Western District of Kentucky, sitting by designation