Derrick COOK, Plaintiff–Appellant,

v.

Norm F. HILLS; D.F. Shewalter; R. Zerby; Ohio Department of Rehabilitation and Corrections, Defendants–Appellees.

No. 00–3801.

United States Court of Appeals, Sixth Circuit.

Feb. 5, 2001.

---

394

Before GUY, NORRIS, and SILER, Circuit Judges.

## ORDER

Derrick Cook appeals a district court judgment that dismissed his civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. *See* Fed. R.App. P. 34(a).

Cook, an African American Ohio death row inmate, filed his complaint in the district court alleging that the defendant Ohio prison officials improperly intercepted and recorded his telephone calls and

subjected him to prison discipline, an increase in security classification, and a transfer to Ohio's "Supermax" facility as a result of his disciplinary conviction for smuggling drugs into prison, a punishment more harsh than that given to similarly situated white prisoners. Plaintiff named as defendants the Ohio Department of Rehabilitation and Correction and three prison officials in their individual and official capacities, and sought $2,850.00 in unspecified money damages. The district court dismissed the complaint sua sponte as frivolous pursuant to 28 U.S.C. § 1915(e). Plaintiff filed a timely notice of appeal.

Upon de novo review, *see McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997), we affirm the judgment essentially for the reasons stated by the district court in its memorandum of opinion and order filed May 11, 2000. First, the district court correctly noted that plaintiff's contention that he has a right to private telephone calls is meritless. *See Hudson v. Palmer,* 468 U.S. 517, 527–28, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984); *United States v. Amen,* 831 F.2d 373, 379 (2d Cir.1987); *United States v. Paul,* 614 F.2d 115, 116–17 (6th Cir.1980). Further, plaintiff cannot show a denial of due process regarding his placement in segregation because a prisoner enjoys no liberty interest in remaining free from disciplinary segregation absent an atypical and significant hardship such as the loss of good time credits. *See Sandin v. Conner,* 515 U.S. 472, 485–87, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995); *Rimmer–Bey v. Brown,* 62 F.3d 789, 790–91 (6th Cir.1995). Nor does a prisoner's placement in administrative segregation involve a liberty interest protected by due process. *See Hewitt v. Helms,* 459 U.S. 460, 468, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983); *Montanye v. Haymes,* 427 U.S. 236, 242, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976). Further,

plaintiff did not allege a chronology of events from which a retaliation claim can be inferred. *See Thaddeus–X v. Blatter,* 175 F.3d 378, 394 (6th Cir.1999) (en banc). Finally, plaintiff failed to adequately plead the existence of some purposeful discrimination to establish a Fourteenth Amendment equal protection claim. *See McCleskey v. Kemp,* 481 U.S. 279, 292, 107 S.Ct. 1756, 95 L.Ed.2d 262 (1987).

Accordingly, the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.