**Roy TAYLOR, Plaintiff–Appellant,**

v.

**J. DUKES, Warden, et al., Defendants–Appellees.**

**No. 01–5724.**

United States Court of Appeals, Sixth Circuit.

Feb. 11, 2002.

Before MARTIN, Chief Judge; GILMAN, Circuit Judge; and EDMUNDS, District Judge.*

---

* The Honorable Nancy G. Edmunds, United States District Judge for the Eastern District of Michigan, sitting by designation.

Roy Taylor, a Tennessee prisoner proceeding pro se, appeals a district court order and judgment dismissing his civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Taylor, an inmate at Western Tennessee State Prison, sued the warden (Dukes), former disciplinary board chairperson (Reynolds), and two corrections officers (Sepanski and Havenstick) of that institution, as well as the Commissioner (Campbell) of the Tennessee Department of Corrections (TDOC) in their individual and official capacities. Seeking $30,000 in damages and injunctive relief, Taylor alleged that the defendants committed various violations of his due process and equal protection rights in connection with his September 2000 disciplinary convictions for assault and possessing a weapon. He further argued that defendants Reynolds and Sepanski violated TDOC policies and procedures in connection with the incidents. As a result of the assault conviction, Taylor was sentenced to 30 days loss of privileges and six months loss of good time credits. As a result of the weapon conviction, he was sentenced to 30 days loss of privileges and one year loss of good time credits. The disciplinary convictions were affirmed on appeal.

In an order entered on May 22, 2001, the district court determined that Taylor's § 1983 complaint had no arguable basis in law and so dismissed it as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). The court first found that no liberty interest was created by TDOC policies and proce-

dures and so Taylor had no due process claim based upon an alleged violation of those policies. Moreover, all of Taylor's civil rights claims are related to his disciplinary convictions or the procedures used in connection with those proceedings. The district court, therefore, found that Taylor's claims were not cognizable under § 1983 because a favorable decision would cast doubt on the validity of the convictions. The district court's judgment was entered on May 29, 2001. On appeal, Taylor continues to argue the merits of his claims.

This court reviews *de novo* a district court's dismissal of a complaint under § 1915(e)(2). *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir.1997). Upon review, we affirm the district court's judgment for the reasons stated therein.

The district court properly found that no liberty interest subject to due process protection is created by TDOC policies and regulations. *See Sandin v. Conner*, 515 U.S. 472, 483–87, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995); *Rimmer–Bey v. Brown*, 62 F.3d 789, 790–91 (6th Cir.1995). In addition, a prisoner found guilty in a prison disciplinary hearing cannot use § 1983 to collaterally attack the hearing's validity or the conduct underlying the disciplinary conviction unless the conviction or sentence is reversed on appeal, expunged by executive order, declared invalid by a state tribunal, or has otherwise been called into question by a federal court's issuance of a writ of habeas corpus. *See Edwards v. Balisok*, 520 U.S. 641, 647–48, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997); *Heck v. Humphrey*, 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994); *Huey v. Stine*, 230 F.3d 226, 230–31 (6th Cir.2000).

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.