**Tyrone WILLIAMS, Plaintiff–
Appellant,**

**v.**

**MICHIGAN DEPARTMENT
OF CORRECTIONS, et
al., Defendants,**

**Carmen Palmer; Willie O. Smith, in their individual capacities, Defendants–Appellees.**

**No. 01–2113.**

United States Court of Appeals, Sixth Circuit.

March 26, 2002.

Before BATCHELDER and CLAY, Circuit Judges; ALDRICH, District Judge.*

*ORDER*

Tyrone Williams moves for the appointment of counsel on appeal from a district court grant of summary judgment for defendants in this civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Williams filed his complaint in the district court alleging that he has been confined in administrative segregation for over eighteen years in violation of his right to remain free from cruel and unusual punishment. Plaintiff named as defendants the Michigan Department of Corrections and five employees of the Department of Corrections. The district court dismissed the complaint except with respect to two of the defendant employees, and those defendants subsequently moved the district court to dismiss the complaint or for summary judgment. After plaintiff responded in opposition, the magistrate judge recommended that the district court grant summary judgment for the remaining defendants. Over plaintiff's objections, the district court adopted the magistrate judge's recommendation and granted summary judgment for defendants. Plaintiff filed a timely notice of appeal.

On appeal, plaintiff contends that the conditions of his confinement from November 6, 2000, until April 13, 2001, were cruel and unusual. Defendants respond that plaintiff has no constitutional right to remain free from administrative segregation, and that plaintiff otherwise failed to state a claim upon which relief can be granted. Upon de novo review, *see Brooks v. American Broad. Cos.*, 932 F.2d 495, 500 (6th Cir.1991), we will affirm the district court's judgment.

First, the district court properly rejected plaintiff's claims concerning his confinement in segregation. Plaintiff cannot show a denial of due process regarding his placement in segregation because a prisoner enjoys no liberty interest in remaining free from disciplinary segregation absent an atypical and significant hardship such as the loss of good time credits. *See Sandin v. Conner*, 515 U.S. 472, 485–87, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995); *Rimmer–Bey v. Brown*, 62 F.3d 789, 790–91 (6th Cir.1995). Nor does plaintiff have a liberty interest protected by due process in remaining free from placement in administrative segregation. *See Hewitt v. Helms*, 459 U.S. 460, 468, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983); *Montanye v. Haymes*, 427 U.S. 236, 242, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976). Moreover, plaintiff's confinement in segregation has been warranted under the circumstances of this case.

Second, plaintiff waived his right to appeal the district court's judgment concerning the conditions of his confinement because he did not file specific objections to

* The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation.

the magistrate judge's analysis of this claim. *See Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir.1987). Further, the magistrate judge correctly concluded that plaintiff cited nothing in the district court that rises to the level of cruel and unusual punishment in violation of the Eighth Amendment. *See Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

For the foregoing reasons, the motion for counsel is denied, and the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.