**Anthony LYNCH–BEY, Plaintiff–Appellant,**

v.

**Dan BOLDEN, et al., Defendants–Appellees.**

No. 02–1240.

United States Court of Appeals, Sixth Circuit.

Aug. 13, 2002.

Before KENNEDY, SUHRHEINRICH, and BATCHELDER, Circuit Judges.

---

### ORDER

Anthony Lynch–Bey, a Michigan prisoner proceeding pro se, appeals the district court order dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and declaratory relief, Lynch–Bey sued Michigan Department of Corrections (MDOC) Deputy Director Dan Bolden, Transfer Coordinator Nick Ludwick, and Assistant Deputy Warden C. Acker. Lynch–Bey alleged that Ludwick and Acker violated his rights under the Due Process Clause of the Fourteenth Amendment, state law, and MDOC policy when they increased his security classification and placed him in administrative segregation because of a misconduct charge from another prison, and that Bolden failed to intervene on Lynch–Bey's behalf. The MDOC eventually expunged the charge and restored Lynch–Bey's disciplinary credits after learning that the other prison had reversed Lynch–Bey's misconduct charge. The district court granted Lynch–Bey in forma pauperis status, screened the complaint, and dismissed the complaint for failure to state a claim. See 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c).

In his timely appeal, Lynch–Bey argues that the district court erred by finding that the MDOC was not required to give him a due process hearing on the misconduct charge.

This court reviews de novo a district court's decision to dismiss under provisions of the Prison Litigation Reform Act. *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997).

Upon review, we conclude that the district court properly dismissed Lynch–Bey's complaint for failure to state a claim. Pursuant to an agreement between Michigan and Virginia, Lynch–Bey served time in a Virginia prison for a Michigan conviction. While Lynch–Bey was in the Virginia prison, the Virginia Department of Corrections (VDOC) charged him with a major misconduct violation for participat-

ing in a group demonstration. Lynch–Bey appealed, but was transferred back to Michigan the day after the misconduct charge was overturned. Neither Lynch–Bey nor the MDOC learned for many months that the misconduct charge had been reversed. The MDOC treated Lynch–Bey's VDOC conviction as a MDOC charge of inciting to riot. The Michigan prison increased his security classification and placed him in administrative segregation. The discipline also affected Lynch–Bey's sentence because Michigan prisoners do not accrue good-time credits for any month in which they are found guilty of a major misconduct violation. *See* MDOC Policy Directive 03.01.100. The MDOC later expunged the misconduct charge and restored Lynch–Bey's disciplinary credits.

■■■ Lynch–Bey had no due process claim against Ludwick and Acker because the administrative segregation imposed upon him as a result of the disciplinary charge did not constitute an atypical and significant hardship. *See Sandin v. Conner,* 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995); *Jones v. Baker,* 155 F.3d 810, 812 (6th Cir.1998); *Rimmer–Bey v. Brown,* 62 F.3d 789, 790–91 (6th Cir. 1995). Moreover, because the MDOC restored his disciplinary credits, the disciplinary charge did not affect the duration of his confinement. *See Sandin,* 515 U.S. at 487.

The district court also properly held that Lynch–Bey had no claim against Bolden for failing to intervene. Lynch–Bey alleged that he notified Bolden that his administrative segregation was improper but Bolden failed to act. The general rule is that § 1983 liability will not be imposed solely upon the basis of respondeat superior. *See Taylor v. Michigan Dep't of Corr.,* 69 F.3d 76, 80–81 (6th Cir.1995). Lynch–Bey did not allege that Bolden directly participated in the alleged misconduct.

*See Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir.1999). Thus, his allegations that Bolden did not intervene on his behalf are insufficient to state a § 1983 claim.

Having found no basis for federal jurisdiction, the district court properly declined to exercise jurisdiction over Lynch–Bey's supplemental state law claims. *See* 28 U.S.C. § 1367(c)(3); *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

Accepting Lynch–Bey's factual allegations as true, he can prove no set of facts in support of his claim which would entitle him to relief. *See Lewis v. ACB Bus. Servs., Inc.,* 135 F.3d 389, 405 (6th Cir. 1998); *Mayer v. Mylod,* 988 F.2d 635, 638 (6th Cir.1993). For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.