**Vaughn RODGERS, Plaintiff–Appellant,**

v.

**Richard E. JOHNSON, Defendant–Appellee.**

**No. 02–1429.**

United States Court of Appeals, Sixth Circuit.

Dec. 16, 2002.

Before MARTIN, Chief Judge; DAUGHTREY, Circuit Judge; and O'MALLEY, District Judge.*

## ORDER

Vaughn Rodgers, a Michigan prisoner proceeding pro se and in forma pauperis, appeals the district court order granting summary judgment to the defendant in this civil rights case filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(I). Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

This is Rodgers's second appeal in this case. Rodgers sued Michigan Department of Corrections (MDOC) Regional Prison Administrator Richard E. Johnson for monetary, declaratory, and injunctive relief. Rodgers alleged that Johnson violated his Fourteenth Amendment due process and equal protection rights by refusing to reclassify him from administrative segregation to the general prison population. The district court dismissed the complaint as frivolous and for failure to state a claim, and Rodgers appealed. A panel of this

court vacated and remanded the district court's decision. *Rodgers v. Johnson,* No. 99–1873, 2000 WL 875767 (6th Cir. June 20, 2000). The panel directed the district court "to determine whether the conditions under which Rodgers is confined, when compared to the conditions experienced by fellow inmates, constitute an 'atypical and significant hardship' sufficient to confer upon Rodgers a liberty interest, given the extended period of time during which Rodgers has been placed in administrative segregation." *Id.* at *2.

Upon remand, Johnson filed a motion to dismiss or for summary judgment. The magistrate judge considered the affidavit attached to the motion, treated the motion as one for summary judgment, and recommended granting the motion. The district court adopted the magistrate judge's report over Rodgers's objections and granted summary judgment to Johnson. The court held that Rodgers's extensive criminal record and poor institutional history before 1990 justified his placement in administrative segregation, that Rodgers's conditions of confinement did not constitute an atypical and significant hardship, and that Rodgers received all the process to which he was due in any event.

In his timely appeal, Rodgers argues that: (1) he has a Fourteenth Amendment due process liberty interest in not remaining confined in administrative segregation after the need for administrative segregation no longer exists; (2) he has a right to a meaningful hearing on his continued administrative segregation; (3) Johnson deprived him of equal protection under the law; and (5) Johnson is not entitled to immunity.

---

* The Honorable Kathleen M. O'Malley, United States District Judge for the Northern District of Ohio, sitting by designation.

This court reviews an order granting summary judgment de novo. *Holloway v. Brush,* 220 F.3d 767, 772 (6th Cir.2000). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c).

 Upon review, we conclude that the district court properly granted summary judgment to Johnson. A prison disciplinary proceeding does not give rise to a protected liberty interest unless the restrictions imposed constitute "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," *Sandin v. Conner,* 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), or it will inevitably affect the duration of the prisoner's confinement. *Id.* at 487. Generally, placement in disciplinary or administrative segregation does not constitute an atypical and significant hardship on the inmate. *Id.* at 484; *Jones v. Baker,* 155 F.3d 810, 812 (6th Cir.1998); *Rimmer–Bey v. Brown,* 62 F.3d 789, 790–91 (6th Cir. 1995).

 Rodgers's extended stay in administrative segregation does not give rise to a protected liberty interest. *See Jones,* 155 F.3d at 812; *Rimmer–Bey,* 62 F.3d at 790–91. In 1990, Rodgers and four other inmates escaped from the State Prison of Southern Michigan. They kidnaped two prison guards, assaulted one, and took their vehicle. After serving detention for three major misconduct violations, Rodgers was re-classified from general population to administrative segregation. In this classification, he has access to health care, clothing, hygiene items, writing supplies, showers, visitors, legal materials, a library, a telephone for emergencies, reading, out-of-cell exercise, and the prison store. As compared to prisoners in the general population, he has restricted use of the telephone, less exercise, no direct access to the law library, limited visiting hours, no participation in group activities, no eligibility for work assignments, and has to wear handcuffs and belly chains when out of his cell. We conclude that Rodgers's confinement in administrative segregation does not constitute an atypical and significant hardship. *See Sandin,* 515 U.S. at 484.

 We also agree with the district court's alternative holding that Rodgers received all the process to which he was entitled. Once a prisoner is in administrative segregation, all that due process requires is periodic review of a prisoner's confinement status to determine whether he remains a security risk. *Hewitt v. Helms,* 459 U.S. 460, 477 n. 9, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983); *see also Jones,* 155 F.3d at 817 (Gilman, J., concurring). Rodgers does not dispute the fact that his classification status is reviewed at least monthly as called for by MDOC policy. A prisoner who has kidnaped correctional officers and escaped presents an obvious security risk. Courts are loathe to second-guess prison authorities' decisions concerning such matters. *See, e.g., Block v. Rutherford,* 468 U.S. 576, 588, 104 S.Ct. 3227, 82 L.Ed.2d 438 (1984). Because Rodgers received the proper procedural safeguards by virtue of the periodic reviews of his classification, his confinement in administrative segregation does not violate his due process rights.

 Rodgers's argument that he is entitled to a "meaningful hearing" and an explanation of the decisions to deny his release to the general population is without merit. A prisoner is not entitled to a written statement explaining the reasons for his placement in administrative segre-

gation. *Toussaint v. McCarthy,* 801 F.2d 1080, 1100–01 (9th Cir.1986).

Rodgers's argument that he has been denied equal protection is also without merit. To assert a Fourteenth Amendment equal protection claim, a plaintiff must prove that a state actor purposefully discriminated against him because of his membership in a protected class. *McCleskey v. Kemp,* 481 U.S. 279, 292, 107 S.Ct. 1756, 95 L.Ed.2d 262 (1987); *Herron v. Harrison,* 203 F.3d 410, 417 (6th Cir.2000). Because Rodgers did not allege that he is a member of a protected class, he has no equal protection claim.

Finally, Rodgers's argument that Johnson is not entitled to immunity is inapposite. The district court made no ruling on the question of Johnson's immunity.

For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.