**Todd Nelson WARD, Plaintiff–Appellant,**

v.

**State of MICHIGAN, Defendant,**

**County of Bay, et al., Defendants–Appellees.**

No. 02–2029.

United States Court of Appeals, Sixth Circuit.

Dec. 20, 2002.

Before KENNEDY and GILMAN, Circuit Judges; and SARGUS, District Judge.[*]

---

[*] The Honorable William O. Bertelsman, United States District Judge for the Eastern District of Kentucky, sitting by designation.

[*] The Honorable Edmund A. Sargus, Jr., United States District Judge for the Southern District of Ohio, sitting by designation.

*ORDER*

Pro se Michigan prisoner Todd Nelson Ward appeals the district court's grant of summary judgment in favor of the defendants. The case has been referred to this panel pursuant to Rule 34(j)(1). Rules of the Sixth Circuit. We unanimously agree that oral argument is not needed. Fed. R App P. 34(a).

Ward filed suit in Michigan state court, claiming that prison personnel violated his constitutional rights by reclassifying him without conducting a reclassification hearing. The defendants removed the action to federal court and sought summary judgment. The magistrate judge recommended that the district court grant the defendants' motion for summary judgment. Over Ward's objections, the district court adopted the findings and conclusions of the magistrate judge and dismissed the suit.

In his timely appeal. Ward essentially reasserts the claims he raised in the district court.

As an initial matter, Ward's motions for a transcript and transmission of the record are DENIED. Because no hearing was conducted, there is no transcript. The certified record has already been transferred to this court.

Because the district court did not address Ward's claims in the light of *Sandin v. Conner,* 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), we pause to note that Ward's due process claims are meritless because he has not shown that his reclassification resulted in an "atypical and significant hardship" in relation to the ordinary incidents of prison life. *Id.* at 486, 115 S.Ct. 2293; *see also Rimmer–Bey v. Brown,* 62 F.3d 789, 790–91 (6th Cir.1995) (concluding that administrative segregation without a reclassification hearing did not impose an atypical hardship, under *Sandin*).

In all other respects, we AFFIRM the district court's judgment for the reasons stated and adopted by that court. Rule 34(j)(2)(C), Rules of the Sixth Circuit.