**Lamonte WILLIAMS, Plaintiff–Appellant,**

v.

**Pete VIDOR, et al; in their individual capacity, jointly and severally, Defendants–Appellees.**

No. 02–2303.

United States Court of Appeals, Sixth Circuit.

May 8, 2003.

858

Before: KRUPANSKY, SILER, and GILMAN, Circuit Judges.

## ORDER

Lamonte Williams, a Michigan prisoner proceeding pro se, appeals the district court order granting summary judgment to the defendants in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary, declaratory, and injunctive relief, Williams sued Michigan Department of Corrections (MDOC) officials and employees Robin Stephens, Bill Martin, Pete Vidor, Robert Woods, Michael Crowley, Darlene Edlund, Karl Johnson, Steven Niemi and Bruce Forstrom. Williams alleged that the defendants violated his rights under the Eighth and Fourteenth Amendments when they confined him to administrative segregation illegally, denied him meaningful review of his classification status, and used administrative segregation as a pretext for indefinite segregation. Williams was placed in administrative segregation in 1993 after a major misconduct violation, and was still there when he filed his complaint. The parties filed cross-motions for summary judgment. The district court granted summary judgment to the defendants.

On appeal, Williams reasserts his district court claims.

This court reviews an order granting summary judgment de novo. *Holloway v. Brush*, 220 F.3d 767, 772 (6th Cir.2000). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c).

■ Upon review, we affirm the district court's decision for the reasons stated by the district court. First, the district court properly held that Williams failed to exhaust his administrative remedies against all of the defendants. Williams filed a grievance against Woods and Niemi over his administrative segregation, pursued it to the third and final level, and attached proof to his complaint. He did not, however, name the other defendants in any grievance. Accordingly, the district court properly dismissed Williams's claims against them. *See Curry v. Scott*, 249 F.3d 493, 505 (6th Cir.2001).

■ Second, the district court properly granted summary judgment to the defendants on Williams's due process claims. Williams's placement and continued confinement in administrative segregation did not implicate a protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995); *Jones v. Baker*, 155 F.3d 810, 812 (6th Cir.1998); *Rimmer–Bey v. Brown*, 62 F.3d 789, 790–91 (6th Cir.1995). Moreover, even if they did, he received the process to which he was entitled. Contrary to Williams's assertions, prison administrative regulations and policy did not require a hearing to place Williams in administrative segregation once Williams was found guilty of a major misconduct violation. *See* Mich. Admin. Code R. § 791.4405(2), (4); MDOC Policy Directive 04.05.120. Because the prison complied with these provisions, it did not violate Williams's due process rights. *See Rimmer–Bey*, 62 F.3d at 791. In addition, Williams's argument that he had a claim based on the effect his classification status had on his chances of parole is without merit. The denial of parole is a collateral consequence of a prison disciplinary conviction and does not create a liberty interest. *See Sandin*, 515 U.S. at 487; *Luken v. Scott*, 71 F.3d 192, 193–94 (5th Cir.1995).

■ Third, the district court properly granted summary judgment to the defendants on Williams's claim that they denied him meaningful review of his classification status and used the reviews as a pretext for indefinite segregation. It is undisputed that Williams's classification status has been reviewed monthly. A prisoner who has assaulted prison staff presents an obvious security risk, and courts are loathe to

second-guess prison authorities' decisions concerning such matters. *See, e.g., Block v. Rutherford,* 468 U.S. 576, 588, 104 S.Ct. 3227, 82 L.Ed.2d 438 (1984). Because Williams receives periodic reviews of his classification, his confinement in administrative segregation does not violate his due process rights. *See Hewitt v. Helms,* 459 U.S. 460, 477 n. 9, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983).

■ Fourth, the district court properly granted summary judgment to the defendants on Williams's equal protection claim. Williams did not allege that he is a member of a suspect class, and there is no fundamental right at issue. *See City of New Orleans v. Dukes,* 427 U.S. 297, 303, 96 S.Ct. 2513, 49 L.Ed.2d 511 (1976). Accordingly, his confinement in administrative segregation did not violate his equal protection rights because it is rationally related to the prison's legitimate interest in maintaining security. *See Pell v. Procunier,* 417 U.S. 817, 822–23, 94 S.Ct. 2800, 41 L.Ed.2d 495 (1974).

■ Finally, the district court also properly granted summary judgment to the defendants on Williams's Eighth Amendment claim. Williams alleged that he receives fewer privileges than prisoners in the general population. He did not allege, however, any deprivation of basic human needs. *See Rhodes v. Chapman,* 452 U.S. 337, 347–48, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981). Accordingly, Williams had no Eighth Amendment claim.

Williams did not produce evidence sufficient to support a claim that his confinement in administrative segregation violates his rights under the Eighth or Fourteenth Amendments. For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.