**Charles SELBY, Plaintiff–Appellant,**

v.

**Bill MARTIN, et al., Defendants–Appellees.**

No. 03–1461.

United States Court of Appeals, Sixth Circuit.

Dec. 2, 2003.

Charles Selby, pro se, Marquette, MI, for Plaintiff–Appellant.

A. Peter Govorchin, Asst. Attorney Gen., Office of the Attorney General, Lansing, MI, for Defendant–Appellee.

Before: GUY and GILMAN, Circuit Judges; and REEVES, District Judge.*

## ORDER

This pro se Michigan state prisoner appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary damages, Charles Selby sued a number of Michigan Department of Corrections employees in their individual capacities. Selby claimed that: 1) he was punished without due process in violation of his Fourteenth Amendment rights; 2) his Eighth Amendment rights were violated by the denial of out-of-cell

---

* The Honorable Danny C. Reeves, United States District Judge for the Eastern District of Kentucky, sitting by designation.

exercise; 3) his Eighth Amendment rights were violated by confinement in leg irons and belly chains; and 4) his Eighth Amendment rights were violated by the denial of proper medical care for his injuries. The defendants moved for summary judgment pursuant to Fed.R.Civ.P. 56(c).

The magistrate judge recommended that defendants' motion for summary judgment be granted and that Selby's complaint be dismissed. The district court adopted the magistrate judge's report and recommendation over Selby's objections.

In his timely appeal, Selby reasserts the claims set forth in the district court.

We review de novo an award of summary judgment. *Copeland v. Machulis,* 57 F.3d 476, 478 (6th Cir.1995). Summary judgment is proper if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.;* Fed. R.Civ.P. 56(c). The movants meet their initial burden by pointing to an absence of evidence regarding an essential element of the case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The burden then shifts to the non-movant to bring forth significant probative evidence which shows that there is a genuine issue for trial. Fed.R.Civ.P. 56(e); *Copeland,* 57 F.3d at 479. Such a review reveals that the defendants were entitled to summary judgment on the merits of Selby's claims.

■ Selby's first claim is meritless. He contends that he was punished without due process in violation of his Fourteenth Amendment rights. Selby was ordered to wear leg restraints and belly chains during his out-of-cell exercise period because he was an escape risk. Selby contends that the imposition of those restraints should not have been carried out without first providing him a hearing.

Upon review, we conclude that the district court properly granted summary judgment to the defendants on Selby's due process claim because Selby lacked a liberty interest sufficient to implicate the Due Process Clause. Selby's placement in restraints did not implicate a protected liberty interest. *See Sandin v. Conner,* 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995); *Jones v. Baker,* 155 F.3d 810, 812 (6th Cir.1998); *Rimmer–Bey v. Brown,* 62 F.3d 789, 790–91 (6th Cir.1995). To establish the existence of a liberty interest, a prisoner must show that he has been subjected to an "atypical and significant hardship ... in relation to the ordinary incidents of prison life," *Sandin,* 515 U.S. at 484, or that the government's action "will inevitably affect the duration of his sentence." *Id.* at 487. Selby has made neither showing.

■ Selby's second and third claims are meritless. Selby contends that his Eighth Amendment rights were violated by the denial of out-of-cell exercise and by confinement in leg irons and belly chains. Selby's claims are part and parcel of one another. In sum, Selby contends that he was effectively denied out-of-cell exercise because he was confined in leg irons and belly chains. This contention lacks merit because restrictions on exercise for security reasons do not violate the Eighth Amendment. *See LeMaire v. Maass,* 12 F.3d 1444, 1457–58 (9th Cir.1993). The Eighth Amendment proscribes conduct that is obdurate and wanton. *Whitley v. Albers,* 475 U.S. 312, 319, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986). Selby's restricted outside exercise is directly linked to his own misconduct, which raises serious and legitimate security concerns within the prison. The record reveals, and Selby does not dispute, that he was found guilty of attempted escape from the Carson City Regional Facility on November 1, 1994,

found guilty of attempted escape from the Riverside Correctional Facility on August 27, 1998, and that he, in fact, escaped from the Huron Valley Men's Facility on October 31, 1999 (and remained on escape status for eight days), and that he escaped from medical transport on March 26, 2001. In addition, the defendants submitted evidence that on August 2, 2001, Selby told a resident unit officer that he was going to try to escape again.

In light of the foregoing, the evidence presented by Selby was insufficient to establish that the defendants acted with obduracy and wantonness.

■ Selby's fourth claim is meritless. Selby contends that his Eighth Amendment rights were violated by the denial of proper medical care for his injuries. Prison authorities may be sued for deliberate indifference to the serious medical needs of a prisoner under the Eighth Amendment as such indifference constitutes the unnecessary and wanton infliction of pain. *See Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Such claims require proof of a subjective component, and where the claim alleges failure to attend to a prisoner's medical needs, the standard for that state of mind is "deliberate indifference." *See Wilson v. Seiter,* 501 U.S. 294, 297–300, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). A viable Eighth Amendment claim for non-penal conduct such as this also has an objective component. *See Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). The objective component requires that the pain be serious. *See Hudson v. McMillian,* 503 U.S. 1, 8–9, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). A mere difference of opinion between the plaintiff and his doctor regarding diagnosis and treatment does not state a claim under the Eighth Amendment. *See Estelle,* 429 U.S. at 107;

*Westlake v. Lucas,* 537 F.2d 857, 860 n. 5 (6th Cir.1976).

The record reveals that no one at the prison was deliberately indifferent to Selby's serious medical needs. Selby complained that the leg irons injured his legs. Defendant nurse Jakubiszyn examined Selby, observed superficial friction rubs, and gave Selby large Band Aids and Bacitracin topical ointment. The nurse saw Selby a second time and reissued Band Aids and Bacitracin. Thereafter, Selby was examined by the prison's physician and treated for infection. The physician subsequently re-examined Selby and noted his improvement and continued treating him with antibiotics. Selby does not deny that he received medical treatment, and the record reveals that he not only received a medical evaluation by a nurse and a physician, he also received instructions with regard to daily care of his abrasions. Thus, the record clearly reveals a competent and conscientious course of medical treatment, and Selby's dissatisfaction with his treatment does not state a claim under the Eighth Amendment. *See Estelle,* 429 U.S. at 107; *Westlake,* 537 F.2d at 860 n. 5. The district court properly dismissed the claim.

To the extent that Selby claims that the defendants negligently committed medical malpractice, no claim is stated under 42 U.S.C. § 1983. *See Estelle,* 429 U.S. at 107; *Westlake,* 537 F.2d at 860 n. 5. Allegations of inadvertent failure to provide adequate medical care or of a negligent diagnosis simply fail to state a cause of action. *See Farmer,* 511 U.S. at 835.

Accordingly, we hereby affirm the district court's judgment pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.