**Lanford UNDERWOOD,**
**Plaintiff–Appellant,**

v.

**Tim LUOMA, Warden, et al.,**
**Defendants–Appellees.**

No. 03–2612.

United States Court of Appeals,
Sixth Circuit.

Aug. 17, 2004.

Lanford Underwood, Baraga, MI, pro se.

Before: SILER, MOORE, and COLE, Circuit Judges.

## ORDER

Lanford Underwood, a Michigan prisoner proceeding pro se, appeals the district court order dismissing his civil rights action filed under 42 U.S.C. § 1983 for failure to state a claim upon which relief may be granted. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Underwood is currently a prisoner confined at the Baraga Maximum Correctional Facility in Baraga, Michigan. He filed this civil rights action against Warden Tim Luoma, Assistant Deputy Warden William Luetzow, Deputy Warden Darlene Edlund, and Resident Unit Manager William Jondreau, alleging violations of his due process rights under the Fourteenth Amendment. Underwood seeks monetary damages and equitable relief.

The district court reviewed Underwood's claims pursuant to the Prison Litigation Reform Act, Pub.L. No. 104–134, 110 Stat. 1321 (1996) ("PLRA"), and dismissed Underwood's complaint for failure to state a claim. *See* 28 U.S.C. §§ 1915(e)(2), 1915A. This appeal followed.

Underwood identifies four issues in this appeal: 1) that his classification to administrative segregation absent notice or a hearing violates his due process rights; 2) that he has a constitutional right to meaningful periodic reviews of his continued classification to administrative segregation under the Due Process Clause; 3) that his 13½ years' classification to administrative segregation reaches the level of atypical and significant hardship in the context of his prison sentence; and 4) that he is entitled to annual reviews by a disciplinary credits committee as to whether special and regular disciplinary credits should be awarded and/or restored.

Upon review, we conclude that the district court properly dismissed Underwood's claim for the reasons stated by that court. This court reviews de novo a district court's decision to dismiss under 28 U.S.C. §§ 1915(e)(2) and 1915A. *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997). The PLRA requires district courts to screen and dismiss complaints that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In reviewing the dismissal of a complaint for failure to state a claim, this court must accept all well-pleaded factual allegations as true. *Lewis v. ACB Bus. Servs., Inc.,* 135 F.3d 389, 405 (6th Cir.1998).

The district court properly dismissed Underwood's complaint for failure to state a claim. On March 7, 1990, Underwood was served with a Notice of Intent to place him in administrative segregation while the Michigan State Police investigated the assault of a prison employee. At an administrative hearing on March 12, 1990, a hearings officer upheld the administrative segregation classification until such time as the investigation was complete. In May of 1990, Underwood was charged in Ionia County Circuit Court with armed robbery and assault with intent to commit murder of the prison employee. He was convicted by a jury on both charges, and he contends that the Michigan State Police investigation ended upon his conviction.

■ Underwood's complaint fails to state a Fourteenth Amendment claim. A Fourteenth Amendment procedural due process claim depends upon the existence of a constitutionally cognizable liberty or property interest with which the state has interfered. *Kentucky Dep't of Corr. v.*

*Thompson,* 490 U.S. 454, 460, 109 S.Ct. 1904, 104 L.Ed.2d 506 (1989); *Pusey v. City of Youngstown,* 11 F.3d 652, 656 (6th Cir.1993). A prison disciplinary proceeding does not give rise to a protected liberty interest unless the restrictions imposed constitute an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner,* 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). This court has repeatedly held that placement in administrative segregation does not constitute an atypical and significant hardship on the inmate. *Mackey v. Dyke,* 111 F.3d 460, 463 (6th Cir.1997); *Rimmer–Bey v. Brown,* 62 F.3d 789, 790–91 (6th Cir.1995). Thus, Underwood's claim fails as a matter of law. Furthermore, even if Underwood had a liberty interest in freedom from administrative segregation, his jury trial satisfied any due process requirement for a hearing.

■ The district court properly held that any denial of Underwood's periodic reviews does not violate his due process rights. No due process interest can be derived from a statute or regulation that merely establishes procedural requirements. *Olim v. Wakinekona,* 461 U.S. 238, 250–51, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983). The state did not create an independent substantive right merely by establishing procedures for periodic reviews. *See id.*

This court has never held that an extended stay in administrative segregation gives rise to an atypical and significant hardship on an inmate. Furthermore, courts are reluctant to second-guess prison authorities' decisions concerning security risks. *See Block v. Rutherford,* 468 U.S. 576, 588, 104 S.Ct. 3227, 82 L.Ed.2d 438 (1984). As the district court properly noted, prison authorities could have concluded that Underwood's assault of a civilian prison employee necessitated his continued segregation from the general prison population.

■ Finally, Underwood's due process rights are not implicated by his inability to earn disciplinary credits. The loss of an opportunity for earning disciplinary credits is a speculative, collateral consequence of a prison disciplinary conviction insufficient to create a liberty interest. *See Luken v. Scott,* 71 F.3d 192, 193–94 (5th Cir.1995)(citing *Meachum v. Fano,* 427 U.S. 215, 229 n. 8, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976)); *accord Babcock v. White,* 102 F.3d 267, 274 (7th Cir.1996).

When all of Underwood's factual allegations are accepted as true, he can prove no set of facts in support of his claim which would entitle him to relief. *See Lewis,* 135 F.3d at 405.

Accordingly, this court affirms the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.